**UNITED STATES of America, Appellee,**

v.

**Vernal DEANS, aka Mark Deans, aka Vernals Deans, Defendant-appellant.**

No. 03–1635–CR.

United States Court of Appeals, Second Circuit.

Jan. 11, 2005.

Philip L. Weinstein, The Legal Aid Society, New York, NY., for Appellant.

Michael Y. Scudder, Jr., Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Laura Grossfield Birger, Assistant United States Attorney), New York, NY., for Appellee, of counsel.

PRESENT: FEINBERG, WINTER, and SOTOMAYOR, Circuit Judges.

## *SUMMARY ORDER*

Defendant-appellant Vernal Deans ("Deans") appeals from a final judgment of conviction for violation of 8 U.S.C. § 1326 entered on October 24, 2003, in the Southern District of New York, pursuant to a plea of guilty. Deans was sentenced principally to 77 months in prison and a three-year term of supervised release. We assume familiarity with the facts and procedural background of the case. Pursuant to a June 24, 2004, order of this Court, the single issue on this appeal is whether the district court misapprehended the scope of its authority to depart downwardly under U.S.S.G. § 5K2.0 based on delays in indicting Deans that were solely due to administrative backlog, and not to investigation of Deans' case.

In general, we will not review the sentencing court's denial of a motion for a downward departure. *See United States v. Scott,* 387 F.3d 139, 143 (2d Cir.2004). However, we will review the district court's determination where, *inter alia,* " 'the defendant shows that … the refusal

to depart was based on the sentencing court's mistaken conclusion that it lacked the authority to depart.'" *Id.* (quoting *United States v. Kalust,* 249 F.3d 106, 110 (2d Cir.2001) (further internal quotation omitted)). In making this determination we apply a "strong presumption that a district judge is aware of the assertedly relevant grounds for departure." *United States v. Brown,* 98 F.3d 690, 694 (2d Cir.1996). Because of this strong presumption, we generally understand a district court's statement that it lacks authority to depart to mean that no departure is warranted on the facts of the case at hand, except in the "rare situation where the record provides a reviewing court with clear evidence of a substantial risk that the judge misapprehended the scope of his [or her] departure authority." *Id.* at 694; *see also United States v. Walker,* 191 F.3d 326, 338–39 (2d Cir.1999).

We perceive no such substantial risk here. In context, the district court's remark that it lacked the "power" to depart was clearly linked to its finding that the administrative delay in Deans' case was not objectively unreasonable. This finding represents a correct understanding of the law of this Circuit regarding departure under § 5K2.0 in the case of prosecutorial delay. *See United States v. Los Santos,* 283 F.3d 422, 428 (2d Cir.2002) ("[I]n order for a district court to depart under § 5K2.0 based on a prosecutorial delay that resulted in a missed opportunity for concurrent sentencing, the delay must ... have been longer than a reasonable amount of time for the government to have diligently investigated the crime involved such that the delay takes the case out of the heartland."). Because the district court properly understood the scope of its departure authority, we affirm.